```
             IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF MARYLAND

                                  :
UNITED STATES OF AMERICA
                                  :

    v.                            :   Civil Action No. DKC 21-360

                                  :

JAMES WILLIAM WILSON, JR. and
MAUREEN WILSON                    :
```

**MEMORANDUM OPINION AND ORDER**

Mr. Wilson has moved in limine to preclude the government from calling James List, his former attorney, or using emails between them, as violative of the attorney-client privilege. Mr. List, according to the government, prepared an indemnity deed of trust and created two trusts that were used in the money laundering conspiracy alleged in the indictment. The court heard argument on the motion and took the matter under advisement. Upon further review, the motion is denied.

The attorney-client privilege has specific requirements.

> The privilege applies only if:
>
> (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii)

> assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client. *Jones,* 696 F.2d at 1072 (4th Cir. 1982).
>
> And importantly, the burden is on the proponent of the attorney-client privilege to demonstrate its applicability. Specifically, the proponent must establish "not only that an attorney-client relationship existed, but also that the particular communications at issue are privileged and that the privilege was not waived." *In re Grand Jury Subpoena*, 341 F.3d 331, 335 (4th Cir. 2003).

*United States v. Lentz*, 419 F.Supp.2d 820, 826–27 (E.D. Va. 2005)(footnotes omitted).

As the proponent of the privilege, Mr. Wilson has the burden to show its applicability. The government contends both that Mr. Wilson waived the privilege, and that the crime-fraud exception applies. The government put forth the basis for its waiver assertion in its opposition to Mr. Wilson's motion in limine. Mr. Wilson did not file a reply. Mr. Wilson proffered at the hearing that he did not waive the privilege as asserted by the government, but he has not presented evidence to that point.

Even if the evidence is conflicting as to whether any privilege was waived, and the court would have to hold an evidentiary hearing to resolve that issue, the government's alternative argument that the crime-fraud exception applies is well taken.

> In order for the crime-fraud exception to apply, the government must make a *prima facie* showing that the communication it seeks falls within the crime-fraud exception, but it need not offer absolute proof of fraud or crime. *In re Grand Jury Proceedings*, 33 F.3d at 352. The government must show (1) that defendant was engaged in or planning a criminal or fraudulent scheme and used his counsel to further the scheme, and (2) that the privileged information bears a close relationship to the criminal or fraudulent scheme. *See Chaudhry v. Gallerizzo*, 174 F.3d 394, 403 (4th Cir. 1999).

*United States v. Ruhbayan*, 201 F.Supp.2d 682, 685-86 (E.D. Va. 2002).

As with other rulings on the admissibility of evidence, Fed.R.Civ.P. 104(a) provides a relaxed evidentiary standard:

> This Court and others, when reviewing whether the crime-fraud exception applies, have permitted district courts to rely on evidence not ordinarily admissible at trial. *See, e.g., In re Grand Jury Proceedings*, 674 F.2d at 310 (court relied on summarized grand jury testimony prepared by IRS agent); *In re Grand Jury Proceedings*, 867 F.2d 539, 541 (9th Cir. 1989) (court reviewed grand jury materials); *In re Grand Jury Proceedings*, 842 F.2d 1223, 1226, 1228 (11th Cir. 1987) (good faith statement of prosecutor summarizing evidence presented to grand jury was sufficient); *In re Grand Jury Proceedings*, 722 F.2d 303, 305 (6th Cir. 1983) (affidavit was submitted to court), *cert. denied sub. nom. Doe v. United States,* 467 U.S. 1246, 104 S.Ct. 3524, 82 L.Ed.2d 831 (1984); *In re Grand Jury Proceedings*, 723 F.2d 1461, 1467 (10th Cir. 1983) (court may review documentary evidence or

3

> prosecutor's good faith statement of testimony received by grand jury).
>
> Furthermore, the Federal Rules of Evidence provide that preliminary questions, such as the determination of whether a privilege applies, are reserved for the trial judge, and that the judge is not bound by the rules of evidence. *See* Fed.R.Evid. 104(a), 1101(d). The district court, therefore, was not restricted to considering only evidence that would be admissible at trial.

*In re Grand Jury Subpoena*, 884 F.2d 124, 127 (4th Cir. 1989)(footnote omitted). In addition,

> The burden is on the government to show that the disputed communications were made in furtherance of a crime or fraud. *X Corp. v. John Doe*, 805 F.Supp. 1298, 1309 (E.D. Va. 1992). *In re Grand Jury Subpoena,* 884 F.2d at 127 (citing *In re Grand Jury Proceedings*, 674 F.2d 309, 310 (4th Cir. 1982)). The alleged crime or fraud, however, need not to be proved beyond a reasonable doubt before the privilege is lost. *X Corp.,* 805 F.Supp. at 1307; *Clark*, 289 U.S. at 15, 53 S.Ct. 465 (*dicta*). Furthermore, counsel did not need to "be aware of the illegality involved; it is enough that the communication furthered, or was intended by the client to further, that illegality." *United States v. Friedman*, 445 F.2d 1076, 1086 (9th Cir. 1971) (citing *Clark*, 289 U.S. at 15, 53 S.Ct. 465; *United States v. Hoffa*, 349 F.2d 20, 38 (6th Cir. 1965)).

*United States v. Cohn*, 303 F.Supp.2d 672, 682 (D.Md. 2003).

The government has made both showings. First, contrary to Mr. Wilson's argument, the Indictment may indeed provide a

4

"'reasonable basis to believe that the lawyer's services were used by the client to foster a crime or fraud.' *In re Grand Jury Proceedings*, 417 F.3d at 23 & n. 4." *United States v. Gorski*, 807 F.3d 451, 460-61 (1st Cir. 2015); *accord United States v. Stein*, No. 21-20321-CR, 2023 WL 2585033, at *3-4 (S.D. Fla. Mar. 21, 2023). Furthermore, the seizure warrant affidavits provide more support, detailing the financial transactions and the movement of funds into and out of various accounts, including some in the name of the two trusts. Both the criminal conduct and Mr. List's role in facilitating it have been established.

Second, the relatedness prong is also established. Mr. List would have had to rely on information provided by Mr. Wilson in order to prepare the documents. The communications between them bear a close relationship to the criminal activity.

All of this information was presented by the government in its response to Mr. Wilson's motion in limine. No reply was filed and no evidence proffered at the hearing to rebut the government's showing. Accordingly, the government has met its burden and the crime-fraud exception to the attorney-client privilege is applicable.

Accordingly, it is this 3rd day of January, 2025, by the United States District Court for the District of Maryland hereby ORDERED that:

1. The motion to exclude evidence that violates the attorney-client privilege filed Defendant James William Wilson, Jr. (ECF No. 150) BE, and the same hereby IS, DENIED; and

2. The Clerk IS DIRECTED to transmit a copy of this Order to counsel of record.

                                    /s/
                            DEBORAH K. CHASANOW
                            United States District Judge